BURTON M. FORD, impleaded, etc.,

*v.*

CHARLES H. BECKWITH.

1. SCIRE FACIAS—*to revive a judgment.* Where in a proceeding by *scire facias* to revive a judgment, rendered *nil dicit*, the defendant pleaded that he filed a plea to the declaration, which was improperly withdrawn by another attorney, without authority, which plea was demurred to and demurrer sustained; it was *held*, that the demurrer was properly sustained—the defendant having appeared, was in court, and must be presumed cognizant of the judgment rendered against him, and should then have moved to set it aside, and upon its being denied, could have prosecuted his writ of error. Upon his failure to do this, the judgment was conclusive.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts in this case are stated in the opinion.

Mr. A. C. STORY, for the appellant.

Messrs. TYLER & HIBBARD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a *scire facias* on a judgment, to which the defendant pleaded that he filed a plea in person to the declaration,

and that it was improperly withdrawn by an attorney, without authority, whereby judgment by *nil dicit* was entered against him. A demurrer was properly sustained to this plea. The defendant was in court, and the judgment rendered against him is conclusive. If his plea was in fact withdrawn without authority, he should have applied to the court, at the time, to set aside the judgment rendered against him. Having been served with process, appeared, and pleaded, he must be held to have been cognizant of the rendition of the judgment, and having acquiesced in it for a series of years, he can not, on a *scire facias* to revive it, attempt to go behind it in this mode. He should have moved to set it aside, and if that motion had been denied, could have prosecuted his writ of error.

*Judgment affirmed.*